# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN M. BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-205-RLW |
| | ) |
| SCOTT COUNTY DETENTION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff John M. Bradley for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $8.80. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $44.00. The Court will therefore assess an initial partial filing fee of $8.80, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal

construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate at the Scott County Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 against Scott County Detention Center, Paxton Ayres, Wes Drury, Amy Johnson, Amy Commean, Scott Mezo, and Vance Raines. He states he sues the defendants in their official capacities. He seeks monetary relief in the amount of $50,000.

Plaintiff alleges that Scott County Detention Center violated his rights by denying him access to a prison law library and law books, including the Federal Rules of Civil Procedure and this Court's Local Rules. He alleges that he sent requests and grievances to Paxton Ayres, Amy Johnson, Scott Mezo, Vance Rines, Amy Commean, and the Scott County Sheriff (defendant Wes Drury). Next, plaintiff alleges that his due process rights were violated because he "spent 46 days between arrest and arraignments." (Docket No. 1 at 5). Next, plaintiff alleges that he received ineffective assistance of counsel because Amy Commean, whom plaintiff identifies as his public defender, "tried to get [him] to plea to 5 years D.O.C. with no motion of discovery, failed to explain process and state of my case or civil rights violations." *Id.* at 4-5. Finally, plaintiff writes: "No listing of jail rules or punishment, or grievance procedures." *Id.* at 5.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of rights, privileges, or immunities secured by the United States

Constitution and federal laws. *See* 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). With the foregoing in mind, the Court addresses the allegations in the complaint to determine whether they state a claim upon which relief can be granted.

Liberally construed, plaintiff's allegations against the Scott County Detention Center amount to a claim that he was denied access to the courts. Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

In *Bounds v. Smith*, the Supreme Court held that the right of access to the courts requires that inmates be provided adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. 817. Following *Bounds*, the Supreme Court held, based on principles of standing, that an inmate alleging a *Bounds* violation must show an actual injury:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted).

The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.*

In the case at bar, plaintiff does not allege that the lack of a law library and/or legal books or materials deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action. It therefore cannot be said that plaintiff alleges a cognizable injury, and the Court concludes that he lacks standing to bring an access to the courts claim.

Next, plaintiff states that he sent requests and grievances to Paxton Ayres, Amy Johnson, Scott Mezo, Vance Rines, Amy Commean, and Wes Drury. To the extent plaintiff can be understood to allege that these defendants failed to adequately process or consider his grievances, such allegations do not state any actionable constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8t Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

Plaintiff states that he "spent 46 days between arrest and arraignments." However, he does not identify the criminal proceedings involved, and he provides no factual detail about the relevant circumstances. The Court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-

15. The Court therefore concludes that the statement falls short of the pleading standards described in *Iqbal*, 556 U.S. at 678. In addition, to the extent plaintiff can be understood to seek monetary relief against Scott County, Missouri, he fails to state a claim for municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Plaintiff next alleges that Amy Commean provided ineffective assistance of counsel. As set forth above, to state a claim under § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. Public defenders such as Commean do not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, plaintiff's allegations that Commean failed to furnish adequate representation or gave bad advice during state criminal proceedings do not state a claim upon which relief can be granted.

Plaintiff also alleges that there was no listing of jail rules or punishment or grievance procedures. This allegation fails to state a claim of constitutional dimension against any named defendant.

Finally, plaintiff specifies that he sues all of the defendants in an official capacity only. To the extent that Paxton Ayres, Wes Drury, Amy Johnson, Scott Mezo and Vance Raines can be understood to be employees of the Scott County Sheriff's Department, plaintiff's claims are subject to dismissal. An action brought against a public employee acting in his official capacity is an action against the employer, *Johnson v. Outboard Marine Corp.* 172 F.3d 531, 535 (8th Cir. 1999), and sheriff's departments are not entities that can be sued under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Because the Scott County Sheriff's Department

is not an entity that can be sued under § 1983, claims asserted against it through its employees must be dismissed. Similarly, the Scott County Detention Center is not an entity subject to suit under § 1983. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $8.80 within thirty (20) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of January, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE